[No. 20101.   Department One.   November 16, 1926.]

## A. E. PORTER *et al., Appellants,* v. THE STATE OF WASHINGTON, *Respondent.*[1]

[1] CONTRACTS  (63) — CONSTRUCTION — PARTICULAR  WORDS—"OVER-BREAKS." A provision in a contract for highway construction that "overbreaks due to blasting will be removed by the contractor at his own expense" is plain and unambiguous and not capable of construction to the effect that it included only overbreaks due to the contractor's negligence.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered February 8, 1926, upon findings in favor of the defendant, in an action upon contract, tried to the court.   Affirmed.

*Malarkey, Seabrook & Dibble, A. L. Miller* and *J. P. Kavanaugh,* for appellants.

*The Attorney General* and *Tom W. Holman, Assistant,* for respondent.

MAIN, J.—By this action, the plaintiff sought to recover a balance of $60,061.50 claimed to be due under a state highway construction contract.   The state denied

[1]Reported in 250 Pac. 449.

liability, and took the position that the plaintiff had been fully paid for the work done. The cause was tried to the court without a jury, and resulted in findings of fact and conclusions of law which sustained the state's position. From the judgment entered dismissing the action, the plaintiffs appeal.

The appellants are co-partners doing business under the firm name of Porter & Conley. On April 30, 1920, they entered into a written contract with the state for the construction of about seven miles of the Inland Empire Highway between Pomeroy and Alpowa in Garfield county. By the contract, the state was to pay for common excavation sixty cents per cubic yard, loose rock eighty cents, and solid rock $1.75. As the work progressed, it was classified by the engineer of the state upon the job and the quantities determined. Payments were made upon the contract from time to time. After the work was completed and accepted and the final and supplemental estimates made, the state paid what it claimed to be the balance due thereon, the total amount of which was $204,561.65. In addition to this, there was a small item of force account or extra work, which brought the total to $207,316.85. The appellants claim that they moved 42,404.2 cubic yards more material than they have been paid for.

[1] The appellants, in their brief, state the question in the case as follows:

"The only question that ever was in the case—assuming that the answer really raises that question— is whether the removal by plaintiffs of the 42,404.2 cubic yards excess was the removal of overbreak due to blasting, which they were obligated to remove at their own expense."

This general statement really presents two questions, one the construction of the contract and the other a question of fact. The specifications attached to the con-

tract provide that "in solid rock excavation, over-breaks due to blasting will be removed by the contractor at his own expense." In passing, it might be said that an overbreak is that portion of the material removed which was outside and beyond the slopes indicated by the slope stakes.

The appellants seek to construe the contract as meaning that they shall be entitled to pay for the overbreakage due to blasting, when the same was not due to their negligence or fault. The language used seems plain and unequivocal. There is no ambiguity about it, neither are any technical words used which need be defined by testimony. It seems to us that the contract means exactly what it says. To give it the construction contended for by the appellants would require the reading into it of a condition or qualification not found there. Whether the overbreakage was due to over-shooting, that is, excessive blasting, or the inherent character of the rock formation, are not material subjects of inquiry under the obvious purpose of the contract.

This leaves nothing in the case, as we view it, except matters of fact. Whether the appellants had been fully paid for all the material moved within the state's survey which the contract called for, the evidence is in dispute. At the conclusion of the trial, and at the request of counsel for the respective parties and in company with them, the trial court went over the work, and thereafter specifically found that the appellants had been paid in full for all work performed under the contract. It will be impossible here to review the evidence as the record is long, the abstract thereof covering some five hundred fifty pages. In addition to this, there are numerous exhibits. It may be said that we have given attentive consideration to the evidence in

the case and are of the opinion that the findings of the trial court are sustained thereby.

Some question has been raised as to the amount allowed on the force account, or for extra work, but this likewise presents a question of fact. There is much said in the evidence and in the briefs about the refusal of the state to remeasure the work, after it was all completed, upon the request of the appellants. As stated, from time to time as the work progressed, it was classified and the quantities determined by the engineer of the state who was present for that purpose. We find in the contract no provision which would require the state to remeasure    The objection of the state to remeasurement was that the yardage for which recovery was sought was outside of the state's lines and not covered by the contract, and that it would be useless to measure it. The appellants do not object to the classification of the materials for which the state has paid. In fact, the contract provides that the state highway commissioner

" . . . shall determine the unit quantities and proper classifications of all work done and materials furnished under the provisions of this agreement, and his determination thereof shall be final and conclusive and binding upon the contractor."

The trial court found that no representative of the state connected with the work had in any manner been guilty of fraud or arbitrary conduct respecting the same, and this finding is supported by the evidence.

Judgment affirmed.

TOLMAN, C. J., MITCHELL, HOLCOMB, and FULLERTON, JJ., concur.